PATRICK A. SKELLEY *vs.* MICHAEL J. KANE.

Worcester. September 28, 1927. — January 6, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Contributory, Motor vehicle, In use of highway. *Evidence,* Presumptions and burden of proof.

On conflicting evidence in an action of tort by one who, just after he had alighted from a street car, was run into by an automobile driven by the defendant past the street car from its rear and on its left side, it was proper to refuse to order a verdict for the defendant: findings that the plaintiff was in the exercise of due care and that the defendant was negligent were warranted.

TORT for personal injuries. Writ dated February 1, 1926.

In the Superior Court, the action was tried before *Donahue,* J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $2,000. The defendant alleged exceptions.

*J. C. McDonald,* for the defendant.

*James J. Hurley,* for the plaintiff.

WAIT, J. There is nothing in this case to demand extended discussion or citation of authorities.

We discover no evidence which, as matter of law, requires a finding either that the plaintiff by his own lack of care contributed to his injury, or that the defendant was free from

negligence. The evidence would justify findings that the plaintiff carelessly hurried around a street car from which he had just alighted, and, without looking, walked immediately into an automobile which the defendant, after sounding his horn and using the care of a reasonably prudent man, was driving to pass to the left of the car from behind. It would also justify findings that the plaintiff, after leaving the street car, looked to see if danger existed, walked diagonally toward the further sidewalk justifiably believing he was safe in so doing, and, a few feet from the sidewalk, was struck from behind by the defendant's machine, which had passed around the standing street car from the rear, without giving any warning of its approach and with unreasonable speed. Other combinations of findings were justifiable. What was to be taken as true depended on what testimony was to be believed.

Obviously the decision was for the jury. The refusal to direct a verdict for the defendant was right.

*Exceptions overruled.*